1
2
3
4
5
6
7
8                         IN THE UNITED STATES DISTRICT COURT
9                       FOR THE EASTERN DISTRICT OF CALIFORNIA
10  MALIK JONES,
11          Plaintiff,                         No. CIV S-08-0096 FCD EFB P
12      vs.
13  T. FELKER, et al.,
14          Defendants.                        ORDER
15  _____/

16      Plaintiff is a state prisoner without counsel prosecuting a civil rights action. *See* 42
17  U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). He also
18  seeks a preliminary injunction. This proceeding was referred to this court by Local Rule 72-302
19  pursuant to 28 U.S.C. § 636(b)(1).
20      Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).
21      Plaintiff must pay the $350 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial
22  partial payment of $1.38 is assessed pursuant to section 1915(b)(1). Plaintiff must make
23  monthly payments of 20 percent of the preceding month's income credited to his trust account.
24  *See* 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments
25  from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds
26  $10 until the filing fee is paid.

1

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable claim against defendants Betti, Brautingham, Cunningham and Hunter for the use of excessive force against plaintiff in his cell, defendant Lebeck for using excessive force in the course of transporting plaintiff to the Correctional Training Center and defendant Callison for interfering with plaintiff's medical treatment. *See* 28 U.S.C. § 1915A.

The complaint does not state a cognizable claim against defendants Audetta, Bainbridge, Bishop, David, Deforest, Follosco, Ingwerson, Jackson, Lipton, McGuire, Plainer, Spehling, Vicent or Waterman. Neither does it state a claim against Betti for throwing plaintiff's food through the foot port on September 15, 2007.

To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To state a claim that the conditions of imprisonment violate the Eighth Amendment prohibition on cruel and unusual punishment, plaintiff must allege a specific individual was deliberately indifferent to some basic human need such as food, clothing, shelter, medical care or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prison official is deliberately indifferent when he knows of and disregards a risk of injury or harm that "is not one that today's society chooses to tolerate." *See Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To state a claim he was denied access to the courts, plaintiff must allege that he was denied necessary assistance in preparing and filing a habeas corpus petition or section 1983 complaint, such as meaningful access to an adequate law library or assistance from persons trained in the law, and that the deprivation actually injured his habeas or section 1983 litigation efforts. *Lewis v. Casey*, 518 U.S. 343, 351, 354, 356 (1996). A claim of retaliation consists of allegations that on a specified date an individual state actor took adverse action against plaintiff for his engagement in a constitutionally protected activity and the

1  adverse action chilled plaintiff's exercise of his rights and did not reasonably advance a
2  legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Rizzo v.*
3  *Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985).  In order to proceed on allegations that
4  defendants provided constitutionally inadequate medical care, plaintiff must allege acts or
5  omissions evidencing identified defendants knew of and disregarded plaintiff's serious medical
6  needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837
7  (1994).  Neither defendants' negligence nor plaintiff's general disagreement with the treatment
8  he received suffices to state a claim. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838
9  F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996).
10 Furthermore, plaintiff has no Fourth Amendment right to freedom from a search of his cell, even
11 though it may have been unreasonable. *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984).
12 Furthermore, an unauthorized taking of property does not violate the due process clause of the
13 Fourteenth Amendment when, as here, state law provides an adequate post deprivation remedy.
14 *Hudson*, 468 U.S. at 533; *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (holding that Cal.
15 Gov't Code § 810 provides such a remedy).  To state a claim for the deprivation of procedural
16 due process, plaintiff must allege a defendant deprived him of a liberty interest, which may arise
17 independently under the due process clause or as freedom from state deprivation or restraint
18 imposing "atypical and significant hardship on the inmate in relation to the ordinary incidents of
19 prison life." *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995).  An inmate facing disciplinary
20 proceedings and whose liberty interest is threatened is entitled to basic procedural protections.
21 *Wolff v. McDonnell*, 418 U.S. 539 (1974).  Thus, A prisoner may "call witnesses and present
22 documentary evidence in his defense when permitting him to do so will not be unduly hazardous
23 to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566.  However, prisoners have
24 no federally recognized claim of entitlement to a [prison] grievance procedure." *Mann v. Adams*,
25 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S. 898 (1988).  *Respondeat superior* is not an
26 available theory of relief under § 1983.   Therefore, a supervisor is liable for constitutional

3

violations of his subordinates if he participated in or directed the violations, or knew of the violations and failed to act to prevent them, *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989), or if he implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation, *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989).

Plaintiff makes the following allegations that state no claim for relief: (1) defendants Audetta and Deforest violated his rights by making sure that incident reports were completed following an allegedly excessive use of force; (2) L. Betti threw plaintiff's food tray through the food port on September 15, 2007; (3) on September 13, 2007, defendant McGuire harassed plaintiff by refusing plaintiff's breakfast; (4) on August 20, 2007, defendant McGuire shone a flashlight on plaintiff's genitalia while he was using the bathroom and made an offensive comment; (5) defendant McGuire confiscated a container of grease from plaintiff's cell and did not return it; (6) D. Jackson screened out a grievance plaintiff filed for no good reason; (7) defendant McGuire threatened plaintiff about a grievance he filed about her; (8) defendant McGuire refused to give plaintiff legal documents he needed to pursue cases pending in the courts; (9) on September 23, 2007, defendant McGuire loudly taunted plaintiff about having been sexually assaulted, and other prisoners who heard asked plaintiff about the assault; (10) defendant R. Plainer, knowing plaintiff had gone on a hunger strike, told guards to force plaintiff from his cell and to taunt plaintiff with food; (11) defendant Bainbridge intentionally applied mechanical restraints too tightly in the presence of defendant Spehling, who did not intervene on plaintiff's behalf; (12) defendant Bishop violated his right to due process at a disciplinary hearing; (13) defendant Vicent aimed an assault rifle at plaintiff as a nurse escorted plaintiff to the medical clinic and again as she escorted him back to his cell; (14) defendant B. Ingwerson threatened plaintiff that if he refused to leave his cell voluntarily to discuss his hunger strike with prison officials, a cell extraction team would bring him out of the cell; (15) defendant A. David discussed the hunger strike with plaintiff, was deliberately indifferent to plaintiff's serious

medical needs and assaulted him;[1] (16) defendant Betti stole plaintiff's personal property; (17) on October 9, 2007, while plaintiff was on a hunger strike but was accepting lunches, defendants T. Bainbridge and Olsan refused to give plaintiff his lunch; (18) defendant A. Waterman refused to supplement plaintiff's lunch by adding a supplement drink or an extra serving at lunch; (19) defendants Follosco and Lipton used force to administer medical treatment; and (20) J. L. Bishop violated plaintiff's right to due process by not permitting plaintiff to call witnesses or to have an assistant at a disciplinary hearing.

Plaintiff's allegations are insufficient to state a claim under any of the above theories.

Plaintiff may elect one of two courses of action. He may proceed forthwith to serve defendants Betti, Brautingham, Cunningham, Hunter, Lebeck and Callison and pursue his claims against only those defendants. In this case, the court will reach the merits of his motion for a preliminary injunction sooner.

Alternatively, he may delay serving any defendant and attempt [again] to state a cognizable claim against defendants Audetta, Bainbridge, Bishop, David, Deforest, Follosco, Ingwerson, Jackson, Lipton, McGuire, Plainer, Spehling, Vicent and Waterman. He may also attempt to cure his defective claim against defendant Betti. In the event he chooses to file an amended complaint, the court must delay service of process and service of the motion for a preliminary injunction.

If plaintiff elects to attempt to amend his complaint to cure his defective claims against defendants Audetta, Bainbridge, Betti, Bishop, David, Deforest, Follosco, Ingwerson, Jackson, Lipton, McGuire, Plainer, Spehling, Vicent and Waterman, he has 30 days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Betti, Brautingham, Cunningham, Hunter, Lebeck and Callison, against whom he has stated a cognizable claim for

---

[1] Plaintiff does not allege any facts about the alleged assault and the exhibit to which he refers in support of this allegation does not shed any light on the allegation.

5

relief, then within 20 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants Audetta, Bainbridge, Betti, Bishop, David, Deforest, Follosco, Ingwerson, Jackson, Lipton, McGuire, Plainer, Spehling, Vicent and Waterman without prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Thus, he must not include in his pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the

6

like. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Plaintiff's pleading will be construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff violates the federal rules, once explained, or the court's plain orders.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a second amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, *et seq*. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and

7

1 "action requested." Therefore, this court ordinarily will review only claims against prison
2 officials within the scope of the problem reported in a CDC form 602 or an interview or claims
3 that were or should have been uncovered in the review promised by the department. Plaintiff is
4 further admonished that by signing an amended complaint he certifies his claims are warranted
5 by existing law, including the law that he exhaust administrative remedies, and that for violation
6 of this rule plaintiff risks dismissal of his entire action, including his claims against defendants
7 Betti, Brautingham, Cunningham, Hunter, Lebeck and Callison.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff is must pay the statutory filing fee of $350 for this action and make an initial payment of $1.38. All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendants Audetta, Bainbridge, Bishop, David, Deforest, Follosco, Ingwerson, Jackson, Lipton, McGuire, Plainer, Spehling, Vicent and Waterman are dismissed with leave to amend. Plaintiff's claim that Betti threw a food tray at him through the food port on September 15, 2007. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient at least to state cognizable claims against defendants Betti, Brautingham, Cunningham, Hunter, Lebeck and Callison. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed January 14, 2008, six USM-285 forms and instructions for service of process on defendants Betti, Brautingham, Cunningham, Hunter, Lebeck and Callison. Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and seven copies of

8

1  the January 14, 2008, complaint and May 12, 2008, motion for temporary restraining order
2  and/or preliminary injunction.  The court will transmit them to the United States Marshal for
3  service of process pursuant to Fed. R. Civ. P. 4.  Defendants Betti, Brautingham, Cunningham,
4  Hunter, Lebeck and Callison will be required to respond to plaintiff's allegations within the
5  deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's
6  election to proceed forthwith as consent to an order dismissing his defective claims against
7  defendants Audetta, Bainbridge, Betti, Bishop, David, Deforest, Follosco, Ingwerson, Jackson,
8  Lipton, McGuire, Plainer, Spehling, Vicent and Waterman  without prejudice.
9  Dated:  September 4, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

        Plaintiff,                No. CIV S-08-0096 FCD EFB P

    vs.

T. FELKER, et al.,

        Defendants.         <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

                              /

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

           1          completed summons form

           6          completed forms USM-285

           7          copies of the <u>January 14, 2008</u>
                                                   Complaint

           7          copies of the May 12, 2008, Motion for Preliminary Injunction

Dated:

                                                           Plaintiff