IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

        Plaintiff,                    No. CIV S-08-0096 FCD EFB P

    vs.

L. BETTI, et al.,

        Defendants.         ORDER

                           /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendants have filed a motion to stay discovery in this case pending the outcome of their motion to dismiss. *See* Fed. R. Civ. P. 26(c). For the reasons explained below, the motion is granted.

       Federal courts have broad discretion with respect to the conduct of discovery. A federal district court may, in the course of discovery, "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A court may direct that "disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place." Fed. R. Civ. P. 26(c)(2). However, the party seeking to limit discovery must demonstrate "good cause" therefor. Fed. R. Civ. P. 26(c). Where there is a possibility that the court will grant a motion to dismiss based on

1

1  the plaintiff's failure to state a claim or the defendants' entitlement to qualified immunity, the
2  court may stay discovery pending resolution of those questions.  *Harlow v. Fitzgerald*, 457 U.S.
3  800, 818 (1982) (discovery should not proceed until the question of immunity is resolved); *see*
4  *B.R.S. Land Investors v. United States*, 596 F.2d 353, 356  (9th Cir. 1978) (court may deny
5  discovery where it believes plaintiff will not be able to state a claim for relief).  Here, defendants
6  contemplate a motion based on qualified immunity and at least one defendant will contend that
7  the action must be dismissed for failure to state a claim upon which relief may be granted.
8  Tillman Decl., ¶ 5.  Additionally, all defendants will seek dismissal on the ground that plaintiff
9  failed to exhaust the available administrative remedies pursuant to 42 U.S.C. § 1997(e).  *Id.*

10     Without the requested stay, defendants will be required to respond to several discovery
11 requests plaintiff already has served.  On June 24, 2009, plaintiff served on four defendants
12 requests for admission, and on June 21, 2009, plaintiff served on one defendant a request for
13 production of documents.  *Id.*, ¶ 7.  It appears that defendants' anticipated motions to dismiss
14 may significantly narrow the issues for trial and that until such a motion is resolved, they should
15 not be obligated to respond to any discovery requests.  Accordingly, the court finds that
16 defendants have established good cause for the stay of discovery.

17     Accordingly, it is ORDERED that defendants' July 24, 2009, motion to stay discovery
18 this action pending resolution of any motion to dismiss filed by defendants is finally resolved is
19 granted.  In the event defendants must file an answer to the complaint, discovery shall commence
20 the date the answer is filed.

21 Dated:  August 19, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE