IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

      Plaintiff,                      No. CIV S-08-0096 FCD EFB P

  vs.

T. FELKER, et al.,

      Defendants.           <u>AMENDED ORDER AND<br>FINDINGS AND RECOMMENDATIONS</u>

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Currently before the court are plaintiff's March 29, 2010 First Amended Complaint and June 7, 2010 "Motion for Judgment by Default."  Dckt. Nos. 82 & 83.

**I.  Motion for Entry of Default Judgment**

      Plaintiff asks the Court to enter default judgment against all defendants, contending that they were served with the First Amended Complaint on March 14, 2010 and have not filed an answer despite the court's order that defendants respond to the amended complaint within 30 days of its service.  Dckt. No. 79, Order of Feb. 12, 2010.  Defendants Betti, Brautingham, Cunningham, Hunter, Lebeck, and Callison (collectively, the "served defendants") argue that, because the court has not screened the First Amended Complaint, they are not required to file a response despite the court's order.

1

The Court has reviewed the docket for the action, which reveals that the court screened plaintiff's initial complaint on September 5, 2008, finding that plaintiff had stated cognizable claims against the served defendants. Dckt. No. 12. The court ordered the served defendants to respond to the complaint as provided by Federal Rule of Civil Procedure 12(a)(1). The served defendants responded with motions to dismiss on August 10, 2009 and October 23, 2009. Dckt. Nos. 58 & 72. In its order of February 12, 2010, the court granted the motions in part and denied them in part, dismissing certain of plaintiff's claims against the served defendants and allowing others to proceed. Dckt. No. 79. In the same order, the court granted plaintiff's request for leave to file an amended complaint to "add new facts and reflect just the incidents involving the '6' (six) defendants and defendant T. Felker, whom the Court granted and ordered process of service on, in this case." The court ordered the served defendants to respond to the amended complaint within 30 days of its service. Plaintiff filed the first amended complaint on March 29, 2010. As of the date of this order, defendant Felker has not yet been served and the served defendants have not filed a response to the amended complaint.

The served defendants contend that they are not required to respond to the amended complaint at this time, citing 42 U.S.C. § 1997e(g). However, that statute expressly provides that a court may require a defendant to respond to a prisoner civil rights complaint if the court finds that the plaintiff has a reasonable opportunity to prevail on the merits. In determining that plaintiff had stated cognizable claims against the served defendants, declining the served defendants' requests to dismiss many of those claims, and ordering the served defendants to file a response to the amended complaint within 30 days of its service, the court required a response from the served defendants under § 1997e(g).

Under Federal Rule of Civil Procedure 55(a), the court must enter default judgment against a party who has "failed to plead or otherwise defend." In this case, the served defendants have defended through their motions to dismiss and opposition to the instant motion for default judgment. While the court is displeased that the served defendants failed to comply with its

order of February 12, 2010 by failing to respond to the remaining claims against them within 30 days of service of the amended complaint as ordered, justice would not be served by entry of default based merely on that failure to comply in light of the served defendants' active defense of the action in other instances. Nor may default judgment be entered against defendant Felker, who, as of the date of plaintiff's motion, had not been served with any pleading. Defendants are admonished, however, that failure to respond to the amended complaint as provided in this order may result in sanctions. *See* E.D. Cal. R. 110.

## II. Screening Order – First Amended Complaint

Pursuant to this court's orders dated February 12, 2010 (Dckt. No. 79, granting plaintiff leave to amend the complaint) and March 17, 2010 (Dckt. No. 81, granting in part defendants' motions to dismiss), plaintiff filed a First Amended Complaint on March 29, 2010. The court has reviewed the amended complaint and, for the limited purposes of § 1915A screening, finds that it states the following cognizable claims:

(1) Against defendants Betti, Brautingham, Cunningham, and Hunter for the use of excessive force against plaintiff in his cell on September 13, 2007 in violation of the 8th Amendment and the 14th Amendment (equal protection). Am. Compl. (Dckt. No. 82) at ¶¶ 12-17, 23-25.

(2) Against defendant Callison for interfering with plaintiff's medical treatment in violation of the 8th Amendment and the 14th Amendment (equal protection). Am. Compl. (Dckt. No. 82) at ¶¶ 19, 26.

(3) Against defendant Lebeck for using excessive force in the course of transporting plaintiff to the Correctional Training Center in violation of the 8th Amendment and the 14th Amendment (equal protection). Am. Compl. (Dckt. No. 82) at ¶¶ 20-21, 27.

////

////

   (4)  Against defendant Felker for deliberately disregarding the above-alleged conduct despite knowledge of it in violation of the 8th Amendment and 14th Amendment (equal protection).

The complaint does not state cognizable claims against defendants Betti, Brautingham, Cunningham, Hunter, Callison, Lebeck, or Felker for violating due process. The court has previously ordered plaintiff's due process claim against defendant Callison dismissed. Dckt. No. 81, Order of March 17, 2010. The due process claims against the remaining defendants are defective for the same reason – plaintiff's allegations fall within the more specific guarantees of the 8th Amendment and the Equal Protection Clause of the 14th Amendment, and thus must be analyzed under those principles rather than the more generalized guarantee of substantive due process. *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (Rehnquist, C.J., for plurality) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)); *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996). As the facts alleged do not give rise to a claim separately analyzable under substantive due process principles, leave to amend to state a substantive due process claim would be futile and should therefore not be granted. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000).

### III. Order and Findings and Recommendations

Accordingly, it is hereby ORDERED that:

1. Service is appropriate for defendant Felker.

2. With this order, the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the Amended Complaint filed March 29, 2010, one USM-285 form and instructions for service of process on defendant Felker, who has not yet appeared in this action.

3. Within 30 days of service of this order, plaintiff shall return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 form, and two copies of the March 29, 2010 Amended Complaint.

////

4. Upon receipt of the necessary materials, the court will direct the United States Marshal to serve defendant Felker pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

6. Defendants Betti, Brautingham, Cunningham, Hunter, Lebeck, and Callison shall respond to the complaint within 21 days of the service of this order.

7. Defendant Felker shall respond to the complaint within the time provided in Fed. R. Civ. P. 12(a).

Further, it is hereby RECOMMENDED that:

1. Plaintiff's June 10, 2010 "Motion for Judgment by Default" (Docket No. 83) be denied; and

2. Plaintiff's due process claims against defendants Betti, Brautingham, Cunningham, Hunter, Callison, Lebeck, and Felker be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 21, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

      Plaintiff,                         No. CIV S-08-0096 FCD EFB P

   vs.

T. FELKER, et al.,

      Defendants.                <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    <u> 1 </u>    completed summons form

    <u> 1 </u>    completed forms USM-285

    <u> 2 </u>    copies of the March 29, 2010 Amended Complaint

Dated:

                                            _____
                                            Plaintiff

6