IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

        Plaintiff,                      No. CIV S-08-0096 KJM EFB P

    vs.

T. FELKER, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

                                /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Currently before the court are two motions to dismiss:  one filed by defendants Betti, Brautingham, Callison, Hunter, and Cunningham (Docket No. 98) and one filed by defendant Felker (Docket No. 109).  For the following reasons, the court recommends that the motions be granted.

**I.    Background**

       This action proceeds on the amended complaint filed March 29, 2010.  Dckt. No. 82. Therein, plaintiff claims that defendants Betti, Hunter, Brautingham, Cunningham, Callison, Lebeck and Felker violated his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.  Plaintiff's claims concern three incidents.  First, plaintiff claims that defendants Betti, Hunter, Brautingham, and Cunningham assaulted him on September 13, 2007.  Dckt. No.

1

82 at 2-3, 5-6. Second, plaintiff claims that, on October 19, 2007, defendant Callison prevented him from receiving necessary medication. *Id.* at 3, 5. Third, plaintiff alleges that defendant Lebeck assaulted him on November 6, 2007.[1] *Id.* at 4, 5. In addition, plaintiff claims that defendant Felker "was continually informed about these assaults and the inhumane treatment of plaintiff" but failed to take action. *Id.* at 4, 5.

## II. Motions to Dismiss filed by Defendants Betti, Brautingham, Cunningham, Hunter, Callison, and Felker

Defendants Betti, Brautingham, Cunningham, Hunter, and Callison argue that plaintiff's claims against them must be dismissed without prejudice because he failed to exhaust them prior to the filing of this suit. Dckt. No. 98. Defendant Felker argues the same. Dckt. No. 109.

### A. The Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to *suit*." (citation omitted)). A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney*, 311 F.3d 1198.

---

[1] Defendant Lebeck is not a party to the motions to dismiss currently before the court.

### 1. Standard of Review Applicable to Motions to Dismiss for Failure to Exhaust

The failure to exhaust nonjudicial administrative remedies as required by § 1997e(a) is not jurisdictional. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 n.9 (9th Cir. 2003). Nor does § 1997e(a) require a plaintiff to plead exhaustion. *Id.* at 1119. Rather, "§ 1997e(a) creates a defense – defendants have the burden of raising and proving the absence of exhaustion." *Id.*; *see also Jones v. Bock*, 549 U.S. 199, 216 (2007). If the affirmative defense of exhaustion can be decided on the pleadings alone, a motion under Rule 12(b)(6) is appropriate. *Jones*, 549 U.S. at 215.

But, where resolution of the exhaustion issue require the presentation of evidence outside the pleadings, the issue must be addressed under standards that apply the procedural safeguards of Rule 56, so that disputed issues of material fact and the credibility of conflicting witnesses are resolved through live testimony and not on paper. Fed. R. Civ. P. 12(d) (where a party presents affidavits or other matters outside the pleadings in support of its motion, the court must treat the motion "as one for summary judgment under Rule 56"), 56(b); *Panero v. City of North Las Vegas*, 432 F.3d 949, 952 (9th Cir. 2005).[2] The Court in *Jones* made clear that, "beyond the departures specified by the PLRA itself," nothing in the PLRA suggests that usual procedural practices should not be followed and noted that departures from the usual procedural

---

[2] Several other Circuits have applied summary judgment principles when the defense of failure to exhaust cannot be decided on the pleadings. *See Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (addressing exhaustion at summary judgment); *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007) (reversing grant of summary judgment on exhaustion and remanding for further proceedings); *Hinojosa v. Johnson*, 277 Fed. Appx. 370, 379-80 (5th Cir. May 1, 2008) (addressing exhaustion at summary judgment); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001) (reviewing evidence elicited at trial as to whether prisoner exhausted available remedies); *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) (addressing exhaustion at summary judgment); *but see Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008) (finding that PLRA exhaustion should be treated as a matter in abatement and should be decided on a Rule 12(b) motion, even when factual disputes exist); *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) (rejecting the summary judgment and the Rule 12(b) approaches to PLRA exhaustion and instead determining that once a PLRA exhaustion defense is raised, a special evidentiary hearing should be held to address that defense before litigation on the merits proceeds).

Case 2:08-cv-00096-KJM-EFB   Document 114   Filed 02/11/11   Page 4 of 10

requirements are to be expressly made by Congress. *Jones*, 549 U.S. at 212, 214-16. Thus, where ruling on the motion requires consideration of matter beyond the pleadings and to a factual record, this court applies "a procedure closely analogous to summary judgment." *Chatman v. Felker*, 2010 WL 3431806 (E.D. Cal. Aug 31, 2010) (No. CIV S-06-2912 LKK EFB)(citing *Wyatt*, 315 F.3d at 1119, n.14).

### 2. **Summary Judgment Standards**

Summary judgment is appropriate when a party demonstrates that there exists "no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251-52. "When reasonable minds could differ on the material facts at issue, summary judgment is not appropriate." *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

In resolving a summary judgment motion, the court examines the pleadings, the discovery and disclosure materials on file, and any affidavits filed by the parties. Fed. R. Civ. P. 56(c)(2). The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in his or her favor. *Anderson*, 477 U.S. at 255*; Matsushita*, 475 U.S. at 587. Nevertheless, it is the opposing party's obligation to produce a factual predicate from which a favorable inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do

4

more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

On April 14, 2009, the court informed plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 955-60 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999) (holding that either the district court or the moving party must inform a pro se prisoner of the requirements of Rule 56), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

### 3. **Exhaustion Under California Law**

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).

To initiate the process, an inmate must fill out a simple form, Dept. of Corrections, Inmate/Parolee Appeal Form, CDC 602 (12/87) ("Form 602"), that is made "readily available to all inmates." Cal. Code Regs. tit. 15, § 3084.1(c) (2004). The inmate must fill out two parts of the form: part A, which is labeled "Describe Problem," and part B, which is labeled "Action Requested." Then, as explained on Form 602 itself, the prisoner "must first informally seek relief through discussion with the appropriate staff member." The staff member fills in part C of Form 602 under the heading "Staff Response" and then returns the form to the inmate.

If the prisoner is dissatisfied with the result of the informal review, or if informal review is waived by the State, the inmate may pursue a three-step review process. *See* Cal. Code Regs. tit. 15, §§ 3084.5(b)-(d). Although California labels this three-step process "formal" review (apparently to distinguish this process from the prior step), the three-step process is relatively simple. At the first level, the prisoner must fill in part D of Form 602, which states: "If you are dissatisfied, explain below." The inmate then must submit the form, together with a few other

documents, to the Appeals Coordinator within 15 working days-three weeks-of the action taken. *Id*., § 3084.6(c). This level may be bypassed by the Appeals Coordinator in certain circumstances. *Id*., § 3084.5(b). Within 15 work-days after an inmate submits an appeal, the reviewer must inform the inmate of the outcome by completing part E of Form 602 and returning the form to the inmate.

If the prisoner receives an adverse determination at this first level, or if this level is bypassed, the inmate may proceed to the second level of review conducted by the warden. *Id*., §§ 3084.5(c), (e)(1). The inmate does this by filling in part F of Form 602 and submitting the form within fifteen work-days of the prior decision. Within ten working days thereafter, the reviewer provides a decision on a letter that is attached to the form. If the prisoner's claim is again denied or the prisoner otherwise is dissatisfied with the result, the prisoner must explain the basis for his or her dissatisfaction on part H of the form and mail the form to the Director of the California Department of Corrections and Rehabilitation within 15 working days. *Id*., § 3084.5(e)(2). An inmate's appeal may be rejected where "[t]ime limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints." *Id*., § 3084.3(c)(6). *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006). Generally, completion of the third level, the Director's Level of Review, exhausts the remedy. Cal. Code Regs. tit. 15, § 3084.1(a). All steps must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him; exhaustion during the pendency of the litigation will not save an action from dismissal. *McKinney*, 311 F.3d at 1200. The claim must be properly exhausted; therefore, an untimely or otherwise procedurally defective administrative grievance or appeal does not satisfy the exhaustion requirement. *Woodford*, 548 U.S. at 83-84.

### 4. <u>Analysis</u>

It is not disputed that plaintiff's original complaint was filed on January 14, 2008 and that his claims against Betti, Brautingham, Hunter, Cunningham, and Callison were not exhausted until February 27, 2008 and April 7, 2008. Defs.' Mot. to Dism., Dckt. No. 98, Exs. 1 & 4. By

the same token, some of plaintiff's claims against defendant Felker (that he failed to act to prevent or address the conduct of all defendants) were also not exhausted at the time the original complaint was filed. Plaintiff argues that he properly exhausted these claims, despite the rule of *McKinney* and *Vaden* that claims must be exhausted prior to the filing of papers in the district court, because he exhausted them before the amended complaint was filed and the amended complaint superceded the original complaint.

Plaintiff's position finds some support in the recent case of *Rhodes v. Robinson*, __ F.3d __, 2010 U.S. App. LEXIS 18748 (9th Cir. Sept. 8, 2010). In *Rhodes*, the U.S. Court of Appeals for the Ninth Circuit clarified that the rule of *Vaden* and *McKinney* does not apply to new claims raised in a supplemental complaint regarding conduct that occurred after the initial complaint was filed. *Id.* at *6, 13. Instead, in such a case, the court looks to the time of the supplemental complaint's filing to determine whether the newly-added claims have been properly exhausted. *Id.* at *13.

The Court of Appeals based its holding in *Rhodes* on two rationales. First, the court observed the general rule that "when a plaintiff files an amended complaint, the amended complaint supercedes the original, the latter being treated thereafter as non-existent." *Id.* at *6-7 (internal quotation marks omitted). The amended complaint "completely supercedes any earlier complaint, rendering the original complaint non-existent and, thus, its filing date irrelevant." *Id.* at 8.

Second, an amended complaint adding new claims regarding conduct that occurred after the filing of the original complaint constitutes a supplemental complaint under Federal Rule of Civil Procedure 15(d). A rule requiring exhaustion of such new claims at the time of the filing of the original complaint – a temporal impossibility – would preclude all supplemental complaints in actions governed by the PLRA, contravening Rule 15(d)'s express permission that such complaints may be permitted. *Id.* at *11-12.

////

7

In the case at hand, plaintiff's claims were all capable of being exhausted before the initial complaint was filed – none of the conduct on which plaintiff's claims are based occurred after that time.  Thus, this case presents a different scenario from that presented in *Rhodes*, where the claims not exhausted at the time of the first complaint were premised entirely on conduct occurring after that complaint's filing.  Nevertheless, the Court of Appeals' first rationale – that an amended complaint supercedes the original, rendering its filing date irrelevant – suggests that the court should find all claims exhausted before the amended complaint's filing date properly exhausted.

The court rejects such an interpretation of *Rhodes* for two reasons.  First, allowing a prisoner to file unexhausted claims, then exhaust, then file an amended complaint regarding the same, old claims contained in the original complaint would create an end-run around the rule of *McKinney* and *Vaden* "that a prisoner must exhaust his administrative remedies for the claims contained within his complaint before the complaint is tendered to the district court." *Id.* at *5-6. *Rhodes* itself repeated that rule and did not disapprove of it. *Id.*

Second, unlike *Rhodes*, in which the amended complaint was actually a supplemental complaint under Federal Rule of Civil Procedure 15(d), the amended complaint in this case is not a supplemental complaint, because it raises only claims already raised in the initial complaint.  Under Rule 15(c)(B), such an amended complaint relates back to date of the original complaint.

Accordingly, the court recommends that the motion to dismiss filed by defendants Betti, Brautingham, Hunter, Cunningham, and Callison be granted and that plaintiff's claims against these defendants be dismissed without prejudice for failure to exhaust.  The court further recommends that plaintiff's claims against defendant Felker that are premised on his inaction regarding the conduct of defendants Betti, Brautingham, Hunter, Cunningham, and Callison be dismissed without prejudice for failure to exhaust.

As mentioned above, defendant Lebeck is not a party to the instant motions to dismiss, and plaintiff's claims against him for the assault that allegedly occurred on November 6, 2007

1  remain to be adjudicated. Because plaintiff alleges that defendant Felker failed to act to prevent
2  or address all defendants' alleged misconduct, a claim against defendant Felker for failing to act
3  with regard to defendant Lebeck's conduct also remains. However, defendant Felker has
4  submitted declarations and evidence showing that plaintiff did not submit an administrative
5  appeal prior to filing this action identifying defendant Felker as involved in the incident with
6  defendant Lebeck in his administrative appeals. Def. Felker's Mot. to Dismiss, Decls. of Foston
7  & Clark & Exs. 1-7. Plaintiff has submitted no opposition to defendant Felker's motion and the
8  time for doing so has passed. E.D. Cal. R. 78-230(l) (providing that failure to file an opposition
9  may be deemed waiver to the granting of a motion).

10  While the PLRA itself contains no requirement that an inmate identify all alleged
11  wrongdoers in his administrative appeal in order to exhaust a claim, it does require compliance
12  with state procedures. *Jones v. Bock*, 549 U.S. at 218-19. Here, the applicable California
13  regulation requires identification of all involved staff members on the grievance form. Cal. Code
14  Regs., tit. 15, § 3084.2(a)(3) ("The inmate or parolee shall list all staff member(s) involved and
15  shall describe their involvement in the issue. To assist in the identification of staff members, the
16  inmate or parolee shall include the staff member's last name, first initial, title or position, if
17  known, and the dates of the staff member's involvement in the issue under appeal. If the inmate
18  or parolee does not have the requested identifying information about the staff member(s), he or
19  she shall provide any other available information that would assist the appeals coordinator in
20  making a reasonable attempt to identify the staff member(s) in question."). Because plaintiff has
21  failed to raise a triable issue that he identified defendant Felker in a timely administrative appeal
22  regarding the incident with defendant Lebeck, he has failed to raise a triable issue that he
23  exhausted this claim against defendant Felker. As plaintiff has not discharged his burden of
24  responding to defendant Felker's evidence that he did not properly exhaust the claims he asserts
25  against defendant Felker, defendant Felker's motion to dismiss should be granted.
26  ////

## V. Recommendations

For the foregoing reasons, it is RECOMMENDED that:

1. The motion to dismiss filed on September 10, 2010 by defendants Betti, Brautingham, Callison, Hunter, and Cunningham (Docket No. 98) be granted, and plaintiff's claims against defendants Betti, Brautingham, Callison, Hunter, and Cunningham be dismissed without prejudice; and

2. The motion to dismiss filed on November 18, 2010 by defendant Felker (Docket No. 109) be granted, and plaintiff's claims against defendant Felker be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 11, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE