1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10    MALIK JONES,

11              Plaintiff,                    No. CIV S-08-0096 KJM EFB P

12        vs.

13    T. FELKER, et al.,

14              Defendants.                   FINDINGS AND RECOMMENDATIONS
      _____/

15

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17    U.S.C. § 1983.  Currently before the court are defendant Felker's motion for summary judgment

18    (Docket No. 117) and plaintiff's motion for leave to file a "supplemental" complaint (Docket

19    No. 133).  For the following reasons, the court recommends that plaintiff's motion for leave to

20    amend be denied and that the motion for summary judgment be granted.

21    **I.      Background**

22        This action was filed on January 14, 2008 and proceeds on the amended complaint filed

23    March 29, 2010.  Dckt. Nos. 1, 82.  Plaintiff's claims against all defendants other than defendant

24    Lebeck have been dismissed following screening and a series of motions to dismiss.  Dckt. Nos.

25    ////

26    ////

                                        1

98, 109, 103, 120.  Plaintiff alleges the following against defendant Lebeck:

> Well defendant Lebeck on 11-6-07 wantonly pushed plaintiff in van by grabing [sic] plaintiff by his right arm knowing this was plaintiff's injured disabled arm plaintiff underwent major surgery on, causing plaintiff to fall on his left side and shoulder in chronic pain.  Defendant Lebeck then grabed [sic] plaintiff's legs raising them "high" in the air turning plaintiff on his back causing severe pain to shoot through plaintiff's back.  Then threw plaintiff's legs in van.  "This malicous [sic] and sadistic act had plaintiff in fear or his life" and prior to this assault of 11-6-07 on 10-31-07 defendant Lebeck approached plaintiff cell D-5-109 and said to plaintiff, "Dam" Jones <u>we</u> haven't <u>killed you yet</u> your [sic] not "dead yet."

Dckt. No. 82 at 4.  Plaintiff alleges that defendant Lebeck violated his right to be free from cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution and his right to equal protection under the 14th Amendment to the U.S. Constitution.  *Id.* at 5.  Plaintiff also alleged that the conduct violated due process but this claim was screened out by the court.  *See* Dckt. Nos. 88, 103.

## II.     Motion for Leave to File a Supplemental or Amended Complaint

Plaintiff has filed a brief motion seeking leave to file a "supplemental" complaint.  Dckt. No. 133.  Plaintiff states simply that he wishes "to add more and different facts" and "to add new legal claims."  *Id.* at 1.

Under Federal Rule of Civil Procedure 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction occurrence, or event that happened after the date of the pleading to be supplemented."  Because plaintiff seeks to add not only new facts that possibly occurred after the currently-operative amended complaint was filed, but also to add "new legal claims," he does not seek simply to file a supplemental complaint but rather an amended complaint.

Under Rule 15(a), once 21 days have elapsed since the defendant has filed a responsive pleading (as is the case here), leave to amend a complaint should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).  However, once the district court has issued a pretrial scheduling order pursuant to Federal Rule of Civil

1   Procedure 16 establishing a timetable for amending pleadings, leave to amend may not be

2   granted unless the plaintiff first establishes good cause for departure from the scheduling order's

3   deadlines under Rule 16(b)(4).  *Id.* at 607-08.  In determining whether Rule 16's good cause

4   standard has been met, the court considers primarily the diligence of the party seeking

5   amendment; i.e., whether the party has shown that he could not reasonably meet the scheduling

6   order's deadline despite his diligence.  *Id.* at 609.

7          The discovery and scheduling order in this case issued on September 14, 2010 and gave

8   plaintiff until January 7, 2011 to seek leave to amend.  Dckt. No. 100.  Instead, plaintiff waited

9   until July 5, 2011 – nearly six months late – to do so.  Plaintiff has not presented the court with

10  any facts even suggesting that he could not have complied with the deadline despite his

11  diligence.  Accordingly, plaintiff's motion for leave to file an amended complaint should be

12  denied.

13  **III.    Defendant Lebeck's Motion to for Summary Judgment**

14         Defendant Lebeck asks this court to summarily adjudicate plaintiff's Eighth Amendment

15  claim in his favor on the grounds that the undisputed facts show no cruel and unusual

16  punishment occurred.[1]

17  ////

18

19         [1] Defendant Lebeck's motion is silent as to plaintiff's equal protection claim against him,
20  which the court found cognizable for screening purposes on July 20, 2010.  Dckt. No. 88.  It is
    possible that defendant Lebeck believes that the screening order pertaining to the original
21  complaint (which limited plaintiff's claim against defendant Lebeck to the Eighth Amendment)
    still governs this action.  *See* Dckt. No. 12; Dckt. No. 99 (defendant Lebeck's Answer to the
22  amended complaint, stating that the court had identified plaintiff's claim in the original screening
    order against him as one of "excessive force.").  As the amended complaint superseded the
23  original, however, the screening order pertaining to the amended complaint governs what claims
    are before the court in this action.  That order specifically found that, for screening purposes,
24  plaintiff had stated a claim against defendant Lebeck "for using excessive force in the course of
    transporting plaintiff to the Correctional Training Center in violation of the 8th Amendment and
25  the 14th Amendment (equal protection)."  Dckt. No. 88 at 2.  The court has reviewed the docket,
    which reveals that the equal protection claim has not been dismissed or otherwise adjudicated.
26  Should defendant Lebeck wish to file a dispositive motion on that claim, he must seek the court's
    permission, as the deadline for doing so has passed.  Dckt. No. 100.

1      A.   *Summary Judgment Standard*

2      Summary judgment is appropriate when it is demonstrated that there exists "no genuine

3 issue as to any material fact and that the moving party is entitled to a judgment as a matter of

4 law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party
> always bears the initial responsibility of informing the district
> court of the basis for its motion, and identifying those portions of
> "the pleadings, depositions, answers to interrogatories, and
> admissions on file, together with the affidavits, if any," which it
> believes demonstrate the absence of a genuine issue of material
> fact.

9      Summary judgment avoids unnecessary trials in cases with no genuinely disputed

10 material facts. *See Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.

11 1994). At issue is "whether the evidence presents a sufficient disagreement to require

12 submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

13 *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, Rule 56 serves to screen

14 the latter cases from those which actually require resolution of genuine disputes over material

15 facts; e.g., issues that can only be determined through presentation of testimony at trial such as

16 the credibility of conflicting testimony over facts that make a difference in the outcome. *Celotex*

17 *Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

18      "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive

19 issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings,

20 depositions, answers to interrogatories, and admissions on file.'" *Id.* Indeed, summary judgment

21 should be entered, after adequate time for discovery and upon motion, against a party who fails

22 to make a showing sufficient to establish the existence of an element essential to that party's

23 case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a

24 circumstance, summary judgment should be granted, "so long as whatever is before the district

25 court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is

26 satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the opposing party must establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To overcome summary judgment, the opposing party must demonstrate a factual dispute that is both material, i.e. it affects the outcome of the claim under the governing law, *see Anderson*, 477 U.S. at 248; *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987). In this regard, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. In attempting to establish the existence of a factual dispute that is genuine, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. *See* Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n.11. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631.

Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). The opposing party must demonstrate with adequate evidence a genuine issue for trial. *Valandingham v. Bojorquez*, 866 F.2d 1135, 1142 (9th Cir. 1989). The opposing party must do so with evidence upon which a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. If the evidence presented could not support a judgment in the opposing party's favor, there is no genuine issue. *Id.*; *Celotex Corp.*, 477 U.S. at 323.

////

////

1       In resolving a summary judgment motion, the court examines the pleadings, depositions,

2  answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R.

3  Civ. P. 56(c). The evidence of the opposing party is to be believed. *See Anderson*, 477 U.S. at

4  255. All reasonable inferences that may be drawn from the facts placed before the court must be

5  drawn in favor of the opposing party. *See Matsushita*, 475 U.S. at 587. Nevertheless, inferences

6  are not drawn out of the air, and it is the opposing party's obligation to produce a factual

7  predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F.

8  Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to

9  demonstrate a genuine issue, the opposing party "must do more than simply show that there is

10  some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could

11  not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for

12  trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

13       On April 14, 2009, the court informed plaintiff of the requirements for opposing a motion

14  pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d

15  952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v.*

16  *Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

17       B.    *Undisputed and Disputed Facts*

18       The parties provide the following facts, disputed where noted:

19       On November 6, plaintiff was on a hunger strike when he passed out in his cell. Def.'s

20  Statement of Undisputed Facts (hereinafter "DUF") No. 1. He was taken out of his cell by

21  custody staff and placed on the "rotunda floor." DUF No. 2. As he was regaining

22  consciousness, officers told him they were going to poke his finger to get blood, but plaintiff

23  refused. *Id.* The officers twisted his arm in an effort to poke plaintiff's finger, but plaintiff

24  continued to resist. DUF No. 3. The officers took plaintiff to the facility medical clinic, where

25  he refused treatment, instead asking that he be allowed to return to his cell to lie down and take

26  pain medication. *Id.* Medical staff instead ordered that plaintiff be taken to the Correctional

1  Treatment Center ("CTC"), a medical facility.  *Id.*  He was taken by wheelchair to a

2  transportation van for that purpose.  DUF No. 4.

3       Defendant Lebeck was ordered to transport plaintiff to CTC and was told that the reason

4  for the transport was plaintiff's refusal to cooperate in having his vital signs checked after he

5  fainted.  DUF No. 5.  Defendant Lebeck did not know about any altercation between plaintiff

6  and custody or medical staff or that plaintiff's arm or back were hurting him that day.  DUF Nos.

7  6, 7.

8       According to defendant Lebeck, another officer pushed plaintiff's wheelchair from the

9  medical clinic to the van, left, then went around to the driver's side of the van to wait for

10  plaintiff to place himself in the van.  DUF No. 8.  Plaintiff was out of his wheelchair and getting

11  into the van when defendant Lebeck arrived.  DUF No. 11.  Plaintiff disputes these facts,

12  claiming instead that defendant Lebeck approached the transportation van with plaintiff, whose

13  wheelchair was being pushed by an Officer Urbrie.  Pl.'s Opp'n at 2.  While walking to the van,

14  defendant Lebeck degraded plaintiff to Urbrie.  *Id.*  Plaintiff proffers no evidence in support of

15  his version of the trip to the van, however.  Instead, plaintiff has submitted an affidavit in which

16  he states,

> Officer Urbrie's statement will contradict Def. Lebeck's claim that when he
> arrived at van, Pl. was refusing etc. to get in the van, as Lebeck, Officer Urbrie
> and Pl. all arrived at van at the same time.  Pl. has attempted to contact Officer
> Urbrie to get a statement or declaration from him in connection with incident of
> 11-6-07 to no avail and will need the court's assistance in this manner as it seems
> thus far.

21  *Id.*, Ex. B.  This is the first indication from plaintiff that he needs additional discovery in this

22  matter.  The discovery cut-off date of January 7, 2011 was set in the scheduling order of

23  September 14, 2010 – long before the instant motion and plaintiff's opposition thereto were

24  filed.  The instant motion has been pending since March 10, 2011.  Plaintiff provides no

25  explanation of why he was unable to obtain a declaration from Officer Urbrie.  It is plaintiff's

26  obligation to conduct discovery and marshall the evidence supporting his claims.  As plaintiff

has failed to do so here, the undersigned considers defendant Lebeck's account of his approach to the van undisputed.

The van has a sort of shelf that plaintiff could use to lift himself onto the van floor from his wheelchair and pull himself into the van.  DUF No. 9.  The van had no seats in the back, but just the van floor.  DUF No. 10.

Defendant Lebeck saw plaintiff sitting on the van's step, out of the wheelchair and not in any apparent distress.  DUF No. 12.  Defendant Lebeck thought plaintiff was either resting or refusing to get into the van.  *Id.*

Defendant Lebeck's evidence indicates that he lifted plaintiff's legs and turned his body into the interior part of the van and slid or pushed plaintiff's body into the van.  DUF No. 13.  Defendant Lebeck did not believe that he was hurting plaintiff and did not intend to hurt him.  DUF No. 19.  Plaintiff disputes these facts.  He contends that defendant Lebeck knew that he had medical issues with his right arm, spine, and attendant pain.  Plaintiff's sole evidence in support of that contention are his own testimony and the declarations of several other inmates that, one week prior to the incident at the van, defendant Lebeck said to him, "dam [sic] Jones we haven't killed you yet, your [sic] not dead yet."  Pl.'s Opp'n at 1-2; Dckt. No. 25.  This evidence does not show that defendant Lebeck knew of, or had reason to know of, plaintiff's injuries, although it does indicate that defendant Lebeck may have harbored some animosity or indifference toward plaintiff and thus supports plaintiff's claim that defendant Lebeck intended to hurt him.  Accordingly, the undersigned considers defendant Lebeck's evidence that he did not know of plaintiff's injuries undisputed, but considers whether defendant Lebeck intended to hurt plaintiff disputed.

Plaintiff was then taken to CTC, where he refused treatment.  DUF No. 16.  Plaintiff has never sought medical treatment as a result of his encounter with defendant Lebeck.  *Id.*  After refusing treatment at CTC, plaintiff lifted himself back into the transportation van by himself with no apparent difficulty.  DUF No. 17.  Plaintiff states that he did not seek treatment because

1    he knew he would be offered ibuprofen, which he cannot take, and had other pain medication

2    waiting for him in his cell, and he so testified at his deposition.  Pl.'s Opp'n at 2-3; Dckt. No.

3    119 at 91 (plaintiff's deposition transcript).

4         Plaintiff's only claimed physical injury from the incident with defendant Lebeck is pain.

5    DUF No. 18.

6         C.    *Analysis*

7         As an initial matter, the court must address defendant Lebeck's argument that plaintiff's

8    opposition to the motion for summary judgment should be disregarded because plaintiff has not

9    complied with Local Rule 260(b) and has not cited to supporting evidence.

10        Local Rule 260(b) provides that a party opposing a motion for summary judgment "shall

11   reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are

12   undisputed and deny those that are disputed, including with each denial a citation to the

13   particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or

14   other document relied upon in support of that denial."  It is true that plaintiff has not complied

15   with the letter of Local Rule 260(b).  However, plaintiff's opposition makes clear those facts that

16   he disputes and does cite to supporting evidence (however scant).  Accordingly, the court will

17   consider plaintiff's opposition in addressing this motion.

18        Moving on to the substantive arguments in favor of summary judgment, defendant

19   Lebeck first claims that the undisputed facts show that his use of force was de minimis and not

20   "repugnant to the conscience of mankind" and thus outside the purview of the Eighth

21   Amendment.  *See Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992).  The undersigned agrees.

22        "[W]henever prison officials stand accused of using excessive physical force in violation

23   of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . .: whether force was

24   applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to

25   cause harm."  *Id.* at 6-7.  While malicious and sadistic uses of force always violate contemporary

26   standards of decency, not every "malevolent touch" by a prison guard is actionable as an Eighth

1    Amendment violation. *Id.* at 9. "The Eighth Amendment's prohibition of cruel and unusual

2    punishment necessarily excludes from constitutional recognition *de minimis* uses of physical

3    force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.*

4    at 9-10 (internal quotation marks and citations omitted).

5    Construing the evidence submitted in the light most favorable to plaintiff, plaintiff has

6    established, at best, that defendant Lebeck harbored some animus toward plaintiff and forcefully

7    shoved plaintiff into the transport van causing some pain, but not so much pain that plaintiff

8    sought medical treatment or was unable to lift himself back in and out of the van at CTC. This

9    evidence establishes only a de minimis use of force and therefore plaintiff has failed to raise a

10   triable issue of fact that defendant Lebeck used excessive force against him in violation of the

11   Eighth Amendment. *See, e.g., DeWalt v. Carter*, 224 F.3d 607, 619-20 (7th Cir. 2000) (shoving

12   plaintiff into a doorframe was a de minimis use of force not actionable under the Eighth

13   Amendment); *Ackley v. Carroll*, No. 1:06-cv-00771-AWI-SMS PC, 2011 U.S. Dist. LEXIS

14   58323, at *22-23 (E.D. Cal. June 1, 2011) (pushing the plaintiff against a wall and kicking his

15   leg was a de minimis use of force not actionable under the Eighth Amendment); *Washington v.*

16   *Duncan*, No. C 05-2775 WHA (PR), 2011 U.S. Dist. LEXIS 55201, at *6-7 (N.D. Cal. May 24,

17   2011) (pushing the plaintiff against a fence without a great deal of force causing a scratch or

18   abrasion to plaintiff's cheek and hand was a de minimis use of force not actionable under the

19   Eighth Amendment); *Moore v. Machado*, No. C 07-0284 SBA (PR), 2009 U.S. Dist. LEXIS

20   113167, at *12-14 (N.D. Cal. Nov. 20, 2009) ((throwing the plaintiff against a wall and bending

21   or twisting his arm was a de minimis use of force not actionable under the Eighth Amendment).

22   Accordingly, summary adjudication of plaintiff's Eighth Amendment claim against defendant

23   Lebeck in favor of defendant Lebeck is appropriate.[2]

24

25   [2] Defendant Lebeck additionally argues that summary adjudication of the claim in his favor is appropriate because he is entitled to qualified immunity. Because the undersigned finds that the undisputed facts reveal no viable Eighth Amendment claim, it is not necessary to address defendant's qualified immunity argument.

26

**V.      Order and Recommendation**

For the foregoing reasons, it is hereby RECOMMENDED that:

1.  Plaintiff's motion for leave to file a "supplemental" complaint (Docket No. 133) be denied; and

2.  Defendant Lebeck's March 10, 2011 motion for summary judgment (Docket No. 117) be granted and summary adjudication of plaintiff's Eighth Amendment claim be granted in favor of defendant Lebeck.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 25, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE