IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

        Plaintiff,                    No. 2:08-cv-0096 KJM EFB P

    vs.

T. FELKER, et al.,

        Defendants.            FINDINGS AND RECOMMENDATIONS

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently before the court is defendant Lebeck's second motion for summary judgment. Dckt. No. 156. For the following reasons, it is recommended that the motion for summary judgment be granted and the Clerk be directed to enter judgment and close the case.[1]

---

[1] Plaintiff has submitted two requests for "clarification." Dckt. Nos. 155, 159. First, plaintiff asks whether he can appeal the court's dismissal of some of his claims now or must wait for the instant motion to be ruled on. Dckt. No. 155. The court declines to offer plaintiff legal advice on his appellate options and instead refers plaintiff to the Federal Rules of Appellate Procedure and 28 U.S.C. § 1292. *See Ford v. Pliler*, 590 F.3d 782, 792 (9th Cir. 2009) (stating that a court's affirmative advice to a pro se litigant can be misleading and thus should be limited).

Second, plaintiff asks whether the court is currently adjudicating both his Eighth and Fourteenth Amendment claims against defendant Lebeck or just the Fourteenth Amendment claim. Dckt. No. 159. As explained more fully below, the court has already adjudicated plaintiff's Eighth Amendment claim in favor of defendant Lebeck. Plaintiff's Fourteenth Amendment claim is all that remains in this case and is the subject of the instant motion.

## I. Background

This action was filed on January 14, 2008 and proceeds on the amended complaint filed March 29, 2010. Dckt. Nos. 1, 82. Plaintiff's claims against all defendants other than defendant Lebeck have been dismissed following screening and a series of motions to dismiss. Dckt. Nos. 98, 103, 109, 120. In addition, plaintiff's claim against defendant Lebeck for violation of the Eighth Amendment has been summarily adjudicated in defendant Lebeck's favor. Dckt. Nos. 136, 142. Accordingly, all that remains in this case is plaintiff's claim that defendant Lebeck violated his rights under the Equal Protection Clause of the 14th Amendment on November 6, 2007. Specifically, plaintiff alleges:

> Well defendant Lebeck on 11-6-07 wantonly pushed plaintiff in van by grabing [sic] plaintiff by his right arm knowing this was plaintiff's injured disabled arm plaintiff underwent major surgery on, causing plaintiff to fall on his left side and shoulder in chronic pain. Defendant Lebeck then grabed [sic] plaintiff's legs raising them "high" in the air turning plaintiff on his back causing severe pain to shoot through plaintiff's back. Then threw plaintiff's legs in van. "This malicous [sic] and sadistic act had plaintiff in fear or his life" and prior to this assault of 11-6-07 on 10-31-07 defendant Lebeck approached plaintiff cell D-5-109 and said to plaintiff, "Dam" Jones <u>we</u> haven't <u>killed you yet</u> your [sic] not "dead yet."

Dckt. No. 82 at 4. According to plaintiff's complaint, Lebeck's conduct on November 6, 2007 was "racially motivated in violation of the . . . 14th Amendment." *Id.* at 5.

## II. Motion to for Summary Judgment

Defendant Lebeck asks this court to summarily adjudicate plaintiff's Fourteenth Amendment claim in his favor on the grounds that the undisputed facts show that his conduct was not racially motivated.

### A. Summary Judgment Standard

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600

2

(1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson.*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 (1986). ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment

should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be

////

such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir.1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand,"[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted); *Celotex.*, 477 U.S. at 323 (If the evidence presented and any reasonable inferences that might be drawn from it could not support a judgment in favor of the opposing party, there is no genuine issue). Thus, Rule 56 serves to screen cases lacking any genuine dispute over an issue that is determinative of the outcome of the case.

Concurrent with the instant motion, defendant advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. Dckt. No. 157; *see Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

### B.    Undisputed and Disputed Facts

The parties provide the following facts, disputed where noted:

On November 6, plaintiff was on a hunger strike when he passed out in his cell. Dckt. No. 156-2, Def.'s Statement of Undisputed Facts (hereinafter "DUF") 1. He was taken out of his cell by custody staff and placed on the "rotunda floor." DUF 2. As he was regaining consciousness, officers told him they were going to poke his finger to get blood, but plaintiff

5

refused. *Id.* The officers twisted his arm in an effort to poke plaintiff's finger, but plaintiff continued to resist. DUF 3. The officers took plaintiff to the facility medical clinic, where he refused treatment, instead asking that he be allowed to return to his cell to lie down and take pain medication. *Id.* Medical staff instead ordered that plaintiff be taken to the Correctional Treatment Center ("CTC"), a medical facility. *Id.* He was taken by wheelchair to a transportation van for that purpose. DUF 4.

Defendant Lebeck was ordered to transport plaintiff to CTC and was told that the reason for the transport was plaintiff's refusal to cooperate in having his vital signs checked after he fainted. DUF 5. Defendant Lebeck claims that he did not know about any altercation between plaintiff and custody or medical staff or that plaintiff's arm or back were hurting him that day. DUF 6, 7. Plaintiff "believes" defendant Lebeck knew of the altercation and injuries but offers no evidence in support of that belief. Dckt. No. 158 at 2. Accordingly, the undersigned views defendant Lebeck's assertion that he did not know of the altercation or injuries as undisputed.

According to defendant Lebeck, another officer pushed plaintiff's wheelchair from the medical clinic to the van, left, then went around to the driver's side of the van to wait for plaintiff to place himself in the van. DUF 8. Plaintiff was out of his wheelchair and getting into the van when defendant Lebeck arrived. DUF 11. Plaintiff disputes these facts, claiming instead that defendant Lebeck approached the transportation van with plaintiff, whose wheelchair was being pushed by an Officer Urbrie. Dckt. No. 158 at 3. While walking to the van, defendant Lebeck "defamed" plaintiff to Urbrie. *Id.* Plaintiff proffers no evidence in support of his version of the trip to the van, however. Accordingly, the undersigned considers defendant Lebeck's account of his approach to the van undisputed.

The van has a sort of shelf that plaintiff could use to lift himself onto the van floor from his wheelchair and pull himself into the van. DUF 9. The van had no seats in the back, but just the van floor. DUF 10.

////

Defendant Lebeck saw plaintiff sitting on the van's step, out of the wheelchair and not in any apparent distress. DUF 12. Defendant Lebeck thought plaintiff was either resting or refusing to get into the van. *Id.*

Defendant Lebeck's evidence indicates that he lifted plaintiff's legs and turned his body into the interior part of the van and slid or pushed plaintiff's body into the van. DUF 13. Defendant Lebeck did not believe that he was hurting plaintiff and did not intend to hurt him. DUF 19. Plaintiff disputes these facts. He contends that defendant Lebeck knew that he had medical issues with his right arm, spine, and attendant pain. Plaintiff's sole evidence in support of that contention is his assertion that, one week prior to the incident at the van, defendant Lebeck said to him, "Dam [sic] Jones we haven't killed you yet, your [sic] not dead yet." Dckt. No. 158 at 2. This evidence does not show that defendant Lebeck knew of, or had reason to know of, plaintiff's injuries, although it does indicate that defendant Lebeck may have harbored some animosity or indifference toward plaintiff and thus supports plaintiff's claim that defendant Lebeck intended to hurt him. Accordingly, the undersigned considers defendant Lebeck's evidence that he did not know of plaintiff's injuries undisputed, but considers whether defendant Lebeck intended to hurt plaintiff disputed.

Plaintiff was then taken to CTC, where he refused treatment. DUF 16. Plaintiff has never sought medical treatment as a result of his encounter with defendant Lebeck. *Id.* After refusing treatment at CTC, plaintiff lifted himself back into the transportation van by himself with no apparent difficulty. DUF 17. Plaintiff states that he did not seek treatment because he knew he would be offered ibuprofen, which he cannot take, and had other pain medication waiting for him in his cell, and he so testified at his deposition. Dckt. No. 158 at 5; Pl.'s Dep., Dckt. No. 119 at 91.

////

////

////

### C. Analysis

As an initial matter, the court must address defendant Lebeck's argument that it should disregard plaintiff's opposition to the motion for summary judgment because plaintiff has not complied with Local Rule 260(b) and has not cited to supporting evidence.

Local Rule 260(b) provides that a party opposing a motion for summary judgment "shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." While plaintiff has not complied with the letter of Local Rule 260(b), his opposition makes clear those facts that he disputes and cites appropriately to the evidence (however scant) that he relies on in support of his contentions. Thus, his opposition complies with the fundamental requirement that he specifically identify the facts he disputes and annotate with citations to the record the specific evidence on which he relies. Therefore his opposition should not be disregarded.

As to the substantive arguments in favor of summary judgment, defendant Lebeck argues that the evidence does not support plaintiff's Equal Protection claim. To establish that claim, plaintiff must show that the defendant acted with an intent or purpose to discriminate against the plaintiff based upon the plaintiff's membership in a protected class. *Barren v. Harrington*, 152 F.3d 1193, 1195 (9th Cir. 1999). The court agrees with defendant Lebeck that plaintiff has failed to provide any viable evidence supporting his claim that, in placing plaintiff in the transport van, defendant Lebeck intended to discriminate against plaintiff based on his membership in a protected class. The sole support plaintiff offers for this claim are his assertions that: (1) "Defendant Lebeck is always before this court for committing racial discrimination against prisoners" (Dckt. No. 158 at 6-7); (2) defendant Lebeck heard plaintiff tell the other escorting officer that he did not need help but pushed him in the van anyway (*id.* at 7); (3) defendant Lebeck had told plaintiff one week earlier, "Dam [sic] Jones, we have not killed you yet, you're

8

not dead yet" (*id.* at 13); and (4) plaintiff has known defendant to be a racist "since about 1998" (*id.* at 16). The first and last of these assertions are inadmissible (and unsupported) character evidence. Fed. R. Evid. 404(a)(1). The second and third assertion, even if true, would not show that defendant was motivated by intent to discriminate against plaintiff based on his race. Accordingly, summary judgment is appropriate in favor of defendant Lebeck on plaintiff's Fourteenth Amendment claim.[2]

### III.     Recommendation

For the foregoing reasons, it is RECOMMENDED that defendant Lebeck's August 1, 2012 motion for summary judgment (Dckt. No. 156) be granted and the Clerk be directed to enter judgment and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 20, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant Lebeck additionally argues that summary adjudication of the claim in his favor is appropriate because he is entitled to qualified immunity. Because the undersigned finds that plaintiff has not offered evidence supporting his Fourteenth Amendment claim, it is not necessary to address defendant's qualified immunity argument.

9